# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON BRIGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0624** |
| **HOWARD PRINCE, WARDEN** | **SECTION "G"(6)** |

## REPORT AND RECOMMENDATION

This matter is currently before this court pursuant to the motion to stay (fed. rec. doc. 2) filed by petitioner, Byron Briggs. Briggs seeks to stay this matter in order to exhaust his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

In the instant action, Briggs sets forth one claim for relief, that the State, in violation of his right of confrontation, failed to produce the analyst who tested the pertinent evidence which supported his drug conviction. See Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009). Briggs represents that the above claim is currently pending before the Louisiana Supreme Court and, because only two days remain in his federal one-year prescriptive period, he fears that a habeas petition filed after the Louisiana Supreme Court has issued its opinion will be untimely. The State has no objection (rec. doc. 11) to the requested stay. Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that Briggs' motion to stay be GRANTED.

It is further **RECOMMENDED** that thereafter, this matter be ADMINISTRATIVELY CLOSED, reserving Briggs' right, within 30 days after he has exhausted his state court remedies, to reopen the above-captioned action with the benefit of the instant action's filing date.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[1]

New Orleans, Louisiana, this __9th__ day of _____May_____, 2012.

LOUIS MOORE, JR.
United States Magistrate Judge

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.