```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

BYRON BRIGGS                                    CIVIL ACTION

VERSUS                                          NUMBER: 12-0624

HOWARD PRINCE, WARDEN                           SECTION: "G"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Byron Briggs, and the State's response thereto. (Rec. docs. 1, 27). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Briggs's petition be **DISMISSED WITH PREJUDICE** as time-barred.

### PROCEDURAL HISTORY

Briggs is a state prisoner who is presently incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.[1] On October 5, 2007, the Orleans Parish District Attorney filed a bill of information charging Briggs with possession of cocaine.[2] On October 11, 2007, Briggs pleaded not guilty to the charge.[3] On

---

[1]/Rec. Doc. No. 1.

[2]/St. Rec. Vol. 1 of 2.

[3]/St. Rec. Vol. 1 of 2, Docket Master, p. 1.

January 7, 2008, Briggs's motion to suppress evidence was denied.[4] On July 15, 2008, Briggs appeared for trial in the Orleans Parish Criminal District Court and elected to be tried before the judge.[5] On that same date, Briggs was found guilty of attempted possession of cocaine.[6] On October 8, 2008, Briggs was sentenced to imprisonment for a term of two years and six months with credit for time served.[7] On that same date, a multiple bill hearing was held, following which Briggs was adjudicated to be a fourth felony offender.[8] The trial court vacated its original sentence and resentenced Briggs to 20 years imprisonment with credit for time served.[9]

On direct appeal, Briggs's appointed counsel argued that Briggs's habitual offender sentence was excessive.[10] On August 19, 2009, the Louisiana Fourth Circuit Court of Appeal denied Briggs's

---

[4]/Id.

[5]/St. Rec. Vol. 1 of 2, Minute Entry, 7/15/08; Trial Transcript, 7/15/08, p. 1.

[6]/St. Rec. Vol. 1 of 2, Trial Transcript, 7/15/08, p. 33.

[7]/St. Rec. Vol. 1 of 2, Minute Entry, 10/8/08.

[8]/Id.

[9]/Id.

[10]/St. Rec. Vol. 2 of 2.

2

claim and affirmed his conviction and sentence.[11]

Briggs's conviction became final 30 days later, on September 18, 2009, because he did not seek rehearing or file for timely review in the Louisiana Supreme Court.[12] Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95(5th th Cir. 2003)) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

On October 30, 2009,[13] Briggs filed a writ application, 2009-

---

[11]/State v. Briggs, 19 So.3d 517, 2009-KA-0148 (La. App. 4th Cir. 08/19/09); St. Rec. Vol. 2 of 2.

[12]/On August 31, 2009, Briggs sent a letter to the Louisiana Supreme Court requesting a 30-day extension of time to file his application for writ of certiorari. St. Rec. Vol. 2 of 2. There is no indication that Briggs's request was granted. Such extensions are explicitly prohibited. La. S. C. R. X §5 provides, in pertinent part:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. <u>No extension of time therefor will be granted</u>. [Emphasis added.]

[13]/October 30, 2009 represents the post-mark date of Briggs's writ application as evidenced by a copy of the envelope in which

3

KO-1964, with the Louisiana Supreme Court.[14]  On April 5, 2010, the Louisiana Supreme Court denied Briggs's writ application without opinion.[15]

On June 28, 2011, Briggs filed an application for post-conviction relief with the state district court.  Briggs raised one claim for relief:  (1) He was denied his right of confrontation as enunciated in Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009), because "a crime lab analysis report was admitted [into evidence] over the objection of the defense when the crime lab technician who prepared the report was not called to testify."[16]  On September 6,

---

Briggs's writ application was mailed.  In Causey v. Cain, 450 F.3d 601, 603–607 (5th Cir.2006), it was determined that the "mailbox rule" would be utilized in determining the filing date of state court pleadings for purposes of ascertaining the timeliness of a federal habeas petition. Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court.  Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

[14]/St. Rec. Vol. 2 of 2.  Briggs's Louisiana Supreme Court writ application, 2009-KO-1964, which consists of copies of his writ application to the Louisiana Fourth Circuit and the state appellate court's opinion, is stamped "Supplement."  Upon contacting the Louisiana Supreme Court Clerk's Office, this Court was informed that the "Supplement" was the only writ application which the supreme court received in case number 2009-KO-1964.

[15]/State v. Briggs, 31 So.3d 355, No. 2009-KO-1964 (La. 2010). St. Rec. Vol. 2 of 2.

[16]/St. Rec. Vol. 1 of 2, Memorandum in Support of Application for Post Conviction Relief, p. 3.

2011, the trial court issued Judgment denying Briggs's post-conviction application as untimely and successive.[17] On October 11, 2011, the Louisiana Fourth Circuit vacated the trial court's Judgment, finding Briggs's application to be timely and that it appeared to be the first post-conviction application filed by Briggs. The state appellate court ordered the district court to consider Briggs's post-conviction application on the merits.[18] On October 24, 2011, the state trial court denied Briggs relief on the merits.[19] On December 8, 2011, the Louisiana Fourth Circuit likewise denied relief.[20]

On December 29, 2011, Briggs filed a writ application, 2012-0069, with the Louisiana Supreme Court raising the same claim raised in the lower courts.[21] On February 27, 2012, Briggs filed the instant habeas corpus petition.[22] On that same date, Briggs filed a motion to stay his habeas proceeding until he exhausted his state court remedies by attaining a ruling from the Louisiana

---

[17]/St. Rec. Vol. 1 of 2.

[18]/<u>State v. Briggs</u>, No. 2011-K-1358 (La. App. 4th Cir. 10/11/11); St. Rec. Vol. 2 of 2.

[19]/St. Rec. Vol. 2 of 2.

[20]/<u>State v. Briggs</u>, No. 2011-K-1648 (La. App. 4th Cir. 12/08/11). St. Rec. Vol. 2 of 2.

[21]/St. Rec. Vol. 2 of 2.

[22]/Rec. Doc. No. 1.

Supreme Court with respect to his pending writ application.[23]  On June 27, 2012, without opposition from the State, the district court granted Briggs's motion to stay, "reserving petitioner's right, within 30 days after he has exhausted his state court remedies, to reopen the above-captioned action . . . ."[24]

On August 22, 2012, the Louisiana Supreme Court denied Briggs's writ application without opinion.[25]  On September 11, 2012, Briggs's filed a motion to reopen the above captioned action which this Court granted.[26]

FEDERAL HABEAS PETITION

In his habeas petition, Briggs raises one claim:  (1) His right to confrontation was violated because "the crime lab analysis report was admitted over the objection of the defense when the crime lab technician who prepared the report was not called to testify."[27]  The State filed a response in opposition to Briggs's petition, alleging that the petition was not timely filed and,

---

[23]/Rec. Doc. No. 2.

[24]/Rec. Doc. No. 13.

[25]/State ex rel. Briggs v. State, 97 So.3d 360, 2012-KH-0069 (La. 2012).  St. Rec. Vol. 2 of 2.

[26]/Rec. Doc. Nos. 14 and 16.

[27]/Rec. Doc. No. 1, p. 5.

alternatively, that Briggs's claim is without merit.[28]

GENERAL STANDARDS OF REVIEW

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. §2254. The AEDPA went into effect on April 24, 1996[29] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Sam's petition.

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Briggs's petition is untimely and, alternatively, that his claim is without merit. The Court finds that Briggs's petition is time-barred.

---

[28]/Rec. Doc. No. 27. The State does not contest the fact that Briggs has exhausted his state court remedies.

[29]/The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. §2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Clearly, Subsections B and D are inapplicable here, in that Briggs does not claim either the existence of a state-created impediment to filing or a newly-discovered factual predicate for

his claim.

   Briggs does, however, appear to invoke Subsection C by arguing that his claim is based on <u>Melendez-Diaz v. Massachusetts</u>, 557 U.S. 305 (2009).  However, because <u>Melendez-Diaz</u> is not retroactively applicable to cases on collateral review, §2244(d)(1)(C) is inapplicable.  <u>See</u> <u>Walker v. Johnson</u>, No. 2:10CV548, 2011 WL 2119260, at *4 (E.D.Va. Apr. 19, 2011), adopted, 2011 WL 2119141 (E.D.Va. May 27, 2011); <u>King v. Cain</u>, No. 11-2798, 2012 WL 952818, at *3 (E.D. La. Feb. 7, 2012), adopted, 2012 WL 952807, at *1 (E.D. La. Mar. 20, 2012); <u>Arita v. Cain</u>, No. 11-0636, 2011 WL 4738658, at *2 (E.D. La. Oct. 6, 2011), <u>aff'd on other grounds</u>, No. 11-31044, 2012 WL 6203190, at *1 (5th Cir. 2012).

   Accordingly, Briggs is left with only Subsection A.  As noted, under that provision, a petitioner must bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment became final upon the expiration of time for seeking direct review. 28 U.S.C. §2244(d)(1)(A).

   Briggs's conviction was final on September 18, 2009, when he did not file a timely writ application in the Louisiana Supreme Court.

   Therefore, under a literal application of the statute, Briggs

had until Monday, September 20, 2010,[30] to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin, 310 F.3d at 848.

Briggs has not asserted any reason that might constitute rare

---

[30]/Briggs's one-year statute of limitations actually expired on September 18, 2010. However, because the 18th was a Saturday, the deadline is extended to Monday, September 20, 2010. See Fed. R. Civ. P. 6(a) (if the last day of the statute of limitations "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

or exceptional circumstances why the one-year period should be considered equitably tolled, and the Court's review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Holland v. Florida, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to file a timely federal petition and in failing to communicate with the client during a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir.2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir.2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated,

11

separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year

12

limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long

as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, 2001 WL 995164, slip opinion at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA limitations period began to run in Briggs's case on September 19, 2009, the day after his conviction was final. Because Briggs had no state post-conviction or other collateral review pending during the subsequent year, the limitation period

14

ran uninterrupted until September 20, 2010, when it expired. Briggs had no state post-conviction proceeding pending until approximately nine months later when, on June 28, 2011, he filed an application for post-conviction relief in the state trial court.

The record establishes that after his conviction became final, Briggs allowed more than one year to lapse without any properly filed and pending state court proceedings and without having filed a timely federal petition for habeas corpus relief. Thus, his federal habeas corpus petition must be dismissed as time-barred.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Byron Briggs Rose be dismissed with prejudice as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir.1996) (en

banc) (citing 28 U.S.C. § 636(b)(1)).[31]

New Orleans, Louisiana, this 23rd day of ____August____, 2013.

                                                        */s/ Alma L. Chasez*
                                                        ALMA L. CHASEZ
                                     UNITED STATES MAGISTRATE JUDGE

---

[31]/<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend the period to fourteen days.