# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON BRIGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0624** |
| **HOWARD PRINCE, WARDEN** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Petitioner Byron Briggs's ("Petitioner") objection[1] to the August 23, 2013 Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] On July 1, 2014, Petitioner also filed a "Motion for Ruling," urging the Court to rule on his objection.[3] Petitioner, a state prisoner incarcerated at Elayn Hunt Correctional Center, filed a complaint pursuant to 28 U.S.C. § 2254 alleging his Sixth Amendment right to confront his accusers was violated when the government submitted a certificate of a drug analysis during trial without the testimony of the analyst who prepared it.[4] The Magistrate Judge recommended that the complaint be dismissed as time-barred.[5] Petitioner objects, arguing that he timely filed his complaint because the Louisiana Supreme Court granted him an extension to file his writ on direct appeal.[6] After reviewing the complaint, the Magistrate Judge's Report and Recommendation, Petitioner's objection, the record, and the applicable law, the Court will grant Petitioner's "Motion for Ruling,"

---

[1] Rec. Doc. 29.

[2] Rec. Doc. 28.

[3] Rec. Doc. 30.

[4] Rec. Doc. 1 at 3.

[5] Rec. Doc. 28 at 1.

[6] Rec. Doc. 29.

sustain Petitioner's objection, reject the Magistrate Judge's Report and Recommendation, and refer the petition to the Magistrate Judge to prepare a Report and Recommendation for the Court consistent with this opinion.

## I. Background

*A. Factual Background*

On August 5, 2007, the State charged Petitioner with one count of simple possession of cocaine.[7] Petitioner requested a bench trial, and on July 15, 2008, in Orleans Parish Criminal District Court the trial judge found Petitioner guilty of attempted possession of cocaine.[8] On October 8, 2008, the state trial court sentenced Petitioner to two years and six months imprisonment, with credit for time served.[9] On the same day, Petitioner was adjudicated to be a fourth felony offender, and the court re-sentenced Petitioner to twenty years imprisonment, with credit for time served.[10]

On August 19, 2009, the Louisiana Fourth Circuit affirmed Petitioner's conviction and sentence.[11] On August 31, 2009, Petitioner filed a letter with the Louisiana Supreme Court requesting an extension to file his writ application.[12] On October 30, 2009, Petitioner filed his writ application with the Louisiana Supreme Court.[13] On April 5, 2010, the Louisiana Supreme Court

---

[7] State Rec., Vol. I of II, Bill of Information.

[8] State Rec., Vol. I of II, Trial Transcript, July 15, 2008, p. 33.

[9] State Rec., Vol. I of II, Sentencing, October 8, 2008.

[10] *Id.*

[11] *State v. Briggs*, 09-148 (La. App. 4th Cir. 8/19/09); 19 So. 3d 517. State Rec., Vol. II of II.

[12] State Rec., Vol. II of II, Letter to Supreme Court dated August 31, 2009.

[13] State Rec., Vol. II of II, Writ Application dated October 30, 2009.

2

denied Petitioner's application, without opinion.[14]

Petitioner filed his application for post-conviction relief with the state trial court on June 29, 2011.[15] On September 6, 2011, the state trial court denied Petitioner's application as successive and untimely.[16] On October 11, 2011, the Louisiana Fourth Circuit vacated the state trial court's judgment and remanded his complaint for a review on the merits.[17] On October 24, 2011, the state trial court denied Petitioner's application on the merits.[18] On November 20, 2011, Petitioner filed a writ of review with the Louisiana Fourth Circuit.[19] On December 8, 2011, the Louisiana Fourth Circuit denied Petitioner's writ.[20] On December 29, 2011 Petitioner filed a writ application with the Louisiana Supreme Court.[21]

Petitioner filed this federal *habeas* petition on February 27, 2012, and on the same day, Petitioner filed a motion to stay his *habeas* petition until the Louisiana Supreme Court issued a judgment on his application for post-conviction relief.[22] On June 27, 2012, this Court granted Petitioner's motion to stay without opposition from the State.[23] On August 22, 2012, the Louisiana

---

[14] *State v. Briggs*, 09-1964 (La. 4/5/10); 31 So. 3d 355. State Rec., Vol. II of II.

[15] State Rec.. Vol. I of II, Post-Conviction Relief Application, filed June 29, 2011.

[16] State Rec., Vol. I of II, Trial Court Order, September 6, 2011.

[17] *State v. Briggs*, 11-1358 (La. App. 4th Cir. 10/11/11). State Rec., Vol. II of II.

[18] State Rec., Vol. II of II, District Court Order, October 24, 2011.

[19] State Rec., Vol. II of II, Post-Conviction Relief Application, filed November 23, 2011.

[20] *State v. Briggs*, 11-1648 (La. App. 4th Cir. 12/08/11). State Rec., Vol. II of II.

[21] State Rec., Vol. II of II, Writ Application, filed January 9, 2012.

[22] Rec. Doc. 1; Rec. Doc. 2.

[23] Rec. Doc. 13.

Supreme Court denied Petitioner's application.[24] On September 11, 2012, Petitioner filed a motion to reopen the proceedings, which this Court granted.[25]

Petitioner contends the state trial court denied him his constitutional right to confront his accuser under *Melendez-Diaz v. Massachusetts*.[26] The State responds to Petitioner's complaint, asserting that his complaint was untimely.[27] Additionally, the State maintains that the state court's denial of his confrontation claim was neither contrary to nor an unreasonable application of the Supreme Court's holding in *Melendez-Diaz*.[28]

## B. Report and Recommendation Findings

On August 23, 2013, the Magistrate Judge recommended that Petitioner's claims be dismissed with prejudice as time-barred.[29] The Antiterrorism and Effective Death Penalty Act ("AEDPA") established a one year statute of limitations for filing federal *habeas corpus* petitions.[30] Section 2244(d)(1) of the AEDPA creates four different methods for calculating when the statute of limitations begins to run. The Magistrate Judge noted that Petitioner invoked Subsections (A) and (C).[31]

Under Subsection (C), the statute of limitations begins to run when "the constitutional right

---

[24] *State ex rel. Briggs v. State*, 12-69 (La. 8/22/12); 97 So. 3d 360. State Rec., Vol. II of II.

[25] Rec. Doc. 14; Rec. Doc. 16.

[26] Rec. Doc. 1 at 3 (citing *Melendez-Diaz v. Massachusetts*, 577 U.S. 305 (2009)).

[27] Rec. Doc. 27 at 24.

[28] *Id.* at 17–23.

[29] Rec. Doc. 28 at 1.

[30] *Id.* at 8 (citing 28 U.S.C. § 2244(d)(1)).

[31] Rec. Doc. 28 at 9.

asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review."[32] Petitioner bases his *habeas* complaint on *Melendez-Diaz v. Massachusetts*, where the Supreme Court held that the government violated the defendant's Sixth Amendment right to confront his accusers when it submitted a chemical drug test into evidence without providing the testimony of the analyst who performed it.[33] The Magistrate Judge found that Subsection (C) was inapplicable because *Melendez-Diaz* does not apply retroactively to cases on collateral review.[34]

Under Subsection (A), a petitioner must file his *habeas* complaint within one year of his judgment becoming final.[35] The Magistrate Judge found that Petitioner's conviction became final on September 18, 2009, when he failed to file a timely writ application with the Louisiana Supreme Court.[36] The Magistrate Judge noted that Petitioner sent a letter to the Louisiana Supreme Court on August 31, 2009, requesting a thirty day extension of time to file his writ application.[37] However, the Magistrate Judge found nothing in the record indicating that the Louisiana Supreme Court granted the request.[38] The Magistrate Judge concluded that the Louisiana Supreme Court does not

---

[32] *Id.* at 8 (citing 28 U.S.C. § 2244(d)(1)(C)).

[33] *Id.* at 9 (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)).

[34] *Id.*

[35] *Id.* (citing 28 U.S.C. § 2254(d)(1)(A)).

[36] *Id.*

[37] *Id.* at 3 n. 12.

[38] *Id.*

5

grant extensions citing Louisiana Supreme Court Rule X Section (5)(a).[39]

The Magistrate Judge outlined the two circumstances in which the one year statute of limitations may be tolled.[40] First, the Supreme Court recognizes that the statute of limitations may be equitably tolled "when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist[ed] which prevented timely filing."[41] The Magistrate Judge found no exceptional circumstances that would warrant equitable tolling.[42] Second, the AEDPA permits tolling of the one year statute of limitations while a petitioner's application for post-conviction relief is pending in state court.[43] However, the Magistrate Judge determined that Petitioner did not file any claim for post-conviction relief until June 28, 2011, twenty-one months after his judgment became final.[44] Accordingly, the Magistrate Judge recommended that Petitioner's federal *habeas* complaint be dismissed as time-barred, and did not address the merits of Petitioner's complaint.[45]

---

[39] *Id.* (citing La. S. C. R. X § 5). Section 5(a) of Louisiana Supreme Court Rule X provides that:
    (a) An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefore will be granted.

[40] *Id.* at 10.

[41] *Id.* (citing *Pace v. DiGuglielmo*, 544 U.S. 608, 418 (2005).

[42] *Id.* at 10 –11.

[43] *Id.* at 12 (citing 28 U.S.C. § 2254(d)(2)).

[44] *Id.* at 15.

[45] *Id.*

## II. Objections

### *A. Petitioner's Objection*

Petitioner filed a timely objection to the Magistrate Judge's Report and Recommendation.[46] Petitioner alleges that the Louisiana Supreme Court granted him a sixty day extension to file his writ application on direct appeal.[47] Petitioner provided a copy of a letter from the Louisiana Supreme Court with his objection.[48] The letter dated September 4, 2008, states: "Your request for an extension of time has been filed in the above matter. You should send your application as soon as you are able, preferably within 60 days from the date of this letter."[49] Petitioner contends he filed the writ application on October 30, 2009, before the extended deadline.[50] The Louisiana Supreme Court denied Petitioner's writ application on April 5, 2010.[51] Therefore, Petitioner argues his conviction did not become final until July 4, 2010, when the ninety day period for filing a writ of certiorari with the United States Supreme Court expired.[52]

On July 1, 2014, Petitioner filed a Motion for Ruling, urging the Court to rule on his objection.[53]

---

[46] Rec. Doc. 29.

[47] *Id.* at 2 (Petitioner mistakenly wrote in his objection that the Louisiana Supreme Court responded to his extension request on September 4, 2013. The letter from the Central Office of the Louisiana Supreme Court is dated September 4, 2009).

[48] *Id.* at 5.

[49] *Id.*

[50] *Id.* at 2.

[51] *Id.*

[52] *Id.*

[53] Rec. Doc. 30.

*B. State's Response*

The State of Louisiana did not file a brief in opposition to Petitioner's objection despite receiving notice of the filing posted on September 23, 2013.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[54] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[55] A District Court's review is limited to plain error of parts of the report which are not properly objected to.[56]

## IV. Law and Analysis

Petitioner objects to the Magistrate Judge's finding that his application was untimely.[57] The AEDPA establishes a one-year statute of limitations for the filing of *habeas corpus* applications after the underlying judgment becomes "final."[58] The United States Fifth Circuit Court of Appeals has explained:

> When a *habeas* petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. However, "[i]f the defendant stops the appeal process before that point,". . ."the conviction becomes final when the time for seeking further direct review in the state court expires."

---

[54] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[55] *Id.*

[56] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[57] Rec. Doc. 29 at 1.

[58] 28 U.S.C. § 2244(d).

8

Although federal, not state, law determines when a judgment is final for federal *habeas* purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. Louisiana Supreme Court Rule X, § 5(a) states that an application "to review a judgment of the court of appeal either after an appeal to that court . . . or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal."[59]

The AEDPA expressly provides statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[60] "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."[61]

The United States Supreme Court has expressly held that the AEDPA's limitation period is subject to equitable tolling.[62] However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[63] A petitioner bears the burden of proof to establish entitlement to equitable tolling and "must demonstrate rare and exceptional circumstances

---

[59] *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citations omitted).

[60] 28 U.S.C. § 2244(d)(2).

[61] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted).

[62] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

[63] *Id.* at 2562 (internal quotation marks omitted).

9

warranting application of the doctrine."[64]

In the instant case, the Magistrate Judge determined that the judgment became final on September 18, 2009, thirty days after the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's conviction because Petitioner did not timely file his writ application with the Louisiana Supreme Court on direct appeal.[65] Petitioner objects to this finding, arguing that the Louisiana Supreme Court granted him a sixty day extension to file his writ application on direct appeal. Accordingly, Petitioner asserts his judgment did not become final until July 4, 2010.

The Magistrate Judge found that the Louisiana Supreme Court does not grant extensions, citing Louisiana Supreme Court Rule X Section (5)(a). However, the Fifth Circuit has recognized that the Louisiana Supreme Court routinely grants extensions for filing writ applications.[66] With his objection, Petitioner presented a letter from the Louisiana Supreme Court advising him to send his writ application as soon as possible, "preferably within 60 days from the date of this letter." This letter appears to grant Petitioner an extension.

The Magistrate Judges Act "does not allow the parties to raise at the district court stage new evidence, argument, and issues that were not presented to the Magistrate Judge—absent compelling reasons."[67] When a party presents evidence for the first time in his objections to the Magistrate Judge's Report and Recommendation, it is within the district court's discretion to consider the new

---

[64] *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The Fifth Circuit noted, "[t]he doctrine will not be applied where the applicant failed to diligently pursue *habeas corpus* relief under § 2254, and ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Id*. (internal quotation marks omitted).

[65] Rec. Doc. 28 at 9.

[66] *Hughes v. Cain*, 249 F. App'x 340, 341 (5th Cir. 2007).

[67] *Cupit v. Whitley*, 28 F.3d 532, 535 n. 5.

evidence.[68] In deciding whether to exercise this discretion, the district court should consider the reason for not presenting the evidence previously, the importance of the new evidence and any unfair prejudice to the opposing party.[69] In the instant case, the letter is of vital importance to Petitioner's case because without it his petition appears untimely. Petitioner did not provide his reason for not presenting the evidence previously, but it appears he was unaware that his petition could be untimely. Further, considering the letter would not unfairly prejudice the State because it fully briefed the merits of Petitioner's application in its response. Accordingly, the Court finds compelling reasons to consider the letter.

Based on the foregoing, the Court finds that Petitioner's writ application was not untimely because the Louisiana Supreme Court granted him an extension. The Louisiana Supreme Court denied Petitioner's writ application on April 5, 2010. Accordingly, Petitioner's judgment became final on July 4, 2010, when the period expired to file a writ application with the United States Supreme Court.[70]

The federal limitations period expired one year later on July 4, 2011, unless that deadline was extended through tolling. Petitioner filed his application for post-conviction relief with the state trial court on June 29, 2011, statutorily tolling the statute of limitations. When Petitioner filed his *habeas* petition in federal court the statute of limitations remained tolled because his application for post-conviction relief was pending with the Louisiana Supreme Court. Accordingly, the Court finds that Petitioner's application was timely. Based on the foregoing, the Court will grant Petitioner's

---

[68] *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir.1998) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)).

[69] *Id.*

[70] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (citing 28 U.S.C. § 2244(d)(1)(a)).

"Motion for Ruling," sustain Petitioner's objection, reject the Magistrate Judge's Report and Recommendation, and refer the petition to the Magistrate Judge to prepare a Report and Recommendation for the Court consistent with this opinion.

### V. Conclusion

For the foregoing reasons, the Court rejects the Magistrate Judge's Report and Recommendation. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Ruling" is **GRANTED;**

**IT IS FURTHER ORDERED** that Petitioner's objection is **SUSTAINED**;

**IT IS FURTHER ORDERED** that the Court **REJECTS** the Report and Recommendation issued by the Magistrate Judge;

**IT IS FURTHER ORDERED** that the petition of Byron Briggs for issuance of a writ of *habeas corpus* is **REFERRED** to the United States Magistrate Judge to prepare a Report and Recommendation for the Court consistent with this opinion.

**NEW ORLEANS, LOUISIANA,** this __4th__ day of August, 2014.

**NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE**