# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON BRIGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0624** |
| **HOWARD PRINCE, WARDEN** | **SECTION "G"(5)** |

### SUPPLEMENTAL REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

## I. Procedural history

Petitioner, Byron Briggs, is a state prisoner incarcerated in the Elayn Hunt Correctional Center, in St. Gabriel, Louisiana. On October 5, 2007, he was charged by bill of information with possession of cocaine.[2] On July 15, 2008, following a one-day bench trial, he was found guilty of attempted possession of cocaine.[3] He was sentenced on October 8, 2008 to serve a term of two years and six months imprisonment.[4] On that same date, a multiple bill hearing was held, following which he was adjudicated as a fourth felony offender. The trial court vacated the original sentence and resentenced Briggs to twenty (20) years imprisonment at hard labor.[5]

On direct appeal, Briggs argued that his habitual offender sentence was excessive. The Louisiana Fourth Circuit Court of Appeal affirmed his conviction and sentence on August 19, 2009.[6] The Louisiana Supreme Court denied his subsequent writ application without stated reasons on April 5, 2010.[7] Briggs did not seek review to the United States Supreme Court.

---

[2] State Rec., Vol. 1 of 2, Bill of Information.

[3] State Rec., Vol. 1 of 2, Transcript of trial, p. 33.

[4] State Rec., Vol. 1 of 2, Minute entry - sentencing, 10/8/08.

[5] *Id.*

[6] *State v. Briggs*, 09-0148 (La. App. 4th Cir. 8/19/09), 19 So.3d 517; State Rec., Vol. 2 of 2.

[7] *State v. Briggs*, 09-KO-1964 (La. 4/5/10), 31 So.3d 355; State Rec., Vol. 2 of 2.

On June 28, 2011, Briggs submitted an application for post–conviction relief to the state district court.[8] In this application, he asserted that he was denied his right of confrontation as set forth in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), because "a crime lab analysis report was admitted into evidence over the objection of the defense when the crime lab technician who prepared the report was not called to testify."[9] On September 6, 2011, the district court denied the post-conviction application as untimely and successive.[10] The Louisiana Fourth Circuit vacated the district court's judgment and ordered the district court to consider the application on the merits.[11] On October 24, 2011, the district court denied the post-conviction application on the merits.[12] The Louisiana Fourth Circuit denied relief on

---

[8] State Rec., Vol. 1 of 2, Uniform Application for Post-Conviction Relief signed June 28, 2011. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). If that date cannot be gleaned from the state court record with respect to the filings in this case, this Court will simply use the signature date of the applications as the filing date, in that the various applications were obviously placed in the mail no earlier than the date they were signed.

[9] State Rec., Vol. 1 of 2, Memorandum in support of application for post-conviction relief, p. 3.

[10] State Rec., Vol. 1 of 2, District Court Order of 9/6/11.

[11] State Rec., Vol. 2 of 2, *State v. Briggs*, 2011-K-1358 (La. App. 4th Cir. 10/11/11).

[12] State Rec., Vol. 2 of 2, District Court Judgment of 10/24/11.

December 8, 2011.[13]  Briggs sought relief from this ruling in the Louisiana Supreme Court.

While that application was pending, on February 27, 2012, Briggs filed his federal application for *habeas corpus* relief.[14] In his petition, he claims he was denied the right to confrontation under the Sixth Amendment  because the crime lab report was admitted over objection without the testimony of the crime lab technician who prepared the report.  His federal *habeas* proceedings were stayed while his writ application was pending in the Louisiana Supreme Court. On August 22, 2013, the Louisiana Supreme Court denied petitioner's related writ application without stated reasons.[15]

On August 30, 2013, the presiding Magistrate at the time issued a Report and Recommendation addressing the federal *habeas corpus* petition filed by Byron Briggs.[16]   In that report, the Court addressed the State's limitations defense and recommended that the petition be dismissed with prejudice as time-barred. After considering petitioner's objections,

---

[13] State Rec., Vol. 2 of 2, *State v. Briggs*, 2011-K-1648 (La. App. 4th Cir. 12/8/11) (Murray, J., dissenting with reasons).

[14]  Rec. Doc. No. 1, Petition. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on February 27, 2012, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[15] *State ex rel. Briggs v. State*, 2012-KH-0069 (La. 8/22/12), 97 So.3d 360; State Rec., Vol, 2 of 2.

[16] Rec. Doc. No. 28.

the District Judge issued an Order and Reasons, finding that the one-year limitations period was extended through statutory tolling and that his federal petition was therefore timely.[17] The District Judge referred the matter to the undersigned to prepare a Report and Recommendation consistent with that opinion. This supplemental report is in response to the District Court's referral.

The State concedes petitioner's sole claim is exhausted. Therefore, the Court will review the claim on the merits.

## II.     Factual background

On direct appeal, the Louisiana Fourth Circuit Court of Appeal summarized the facts as follows:

> On August 6, 2007, New Orleans Police Department ("NOPD") Sergeant David Liang testified that he observed Mr. Briggs standing outside of the Saint Bar at the corner on St. Mary and Hastings Streets in New Orleans. According to Sergeant Liang, he stopped to speak to Mr. Briggs because Mr. Briggs met the description of the suspect in some recent neighborhood thefts. When Mr. Briggs observed Sergeant Liang approaching him, Mr. Briggs immediately tossed an object to the ground, which Sergeant Liang recognized to be crack cocaine. Sergeant Liang placed Mr. Briggs in handcuffs and retrieved the object, which was a piece of crack cocaine wrapped in plastic. Mr. Briggs was advised of his rights and that he was being arrested for possession of crack cocaine.
>
> Pursuant to La. R.S. 15:499, the State introduced the criminal laboratory report, which stated that the piece of white rock-like material tested positive for cocaine.
>
> Mr. Briggs testified in his defense. He testified that on the night of August 6,

---

[17] Rec. Doc. No. 31.

2007, he was riding his bicycle home when he was stopped by a police officer and arrested. According to Mr. Briggs, the officer informed him that the reason he was being arrested was because he was a suspect in some recent neighborhood thefts. Mr. Briggs testified that he was first informed that he was being charged with possession of crack cocaine when he was being booked at Central Lockup. On cross-examination, Mr. Briggs acknowledged that he had the following prior convictions: in 1998, unauthorized entry into an inhabited dwelling; in 1999, theft; and in 2003, theft and possession of crack cocaine.[18]

## III.  Standards of review on the merits

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both fact and law. The amendments "modified a federal *habeas* court's role in reviewing state prisoner applications in order to prevent federal *habeas* 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be

---

[18] *State v. Briggs*, 2009-0148 (La. App. 4th Cir. 8/19/09), 19 So.3d 517, 518-19.

correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell*, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

*Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), *cert. denied*, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has held:

> [A] state-court decision is an unreasonable application of our clearly established precedent if it correctly identifies the governing legal rule but applies that rule unreasonably to the facts of a particular prisoner's case.

*White v. Woodall*, 134 S.Ct. 1697, 1706 (2014). However, the Supreme Court cautioned:

> Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies this Court's precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error. Thus, if a habeas court must extend a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state-court decision. AEDPA's carefully constructed framework would be undermined if habeas courts introduced rules not clearly established under the guise of extensions to existing law.

*Id.* (citations and quotations marks omitted). The Supreme Court has also warned that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").

While the AEDPA standards of review are strict and narrow, they are purposely so. As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there*

> *was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

*Harrington v. Richter*, 131 S.Ct. 770, 786–87 (2011) (citations omitted; emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

## IV. Petitioner's claim - Sixth Amendment right to confrontation

Petitioner, relying on the Supreme Court's decision in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), contends his rights under the Confrontation Clause were violated by the admission of the State's certified crime laboratory report at trial without affording petitioner the opportunity to confront and cross-examine the crime lab technician who prepared the report.  The record reflects that on January 7, 2008, the State filed its "Notice of intent to offer into evidence the State's criminalist report as prima facie proof pursuant to La. R.S. 15:499-501."[19]  The State attached a copy of the certified report prepared by criminalist, William A. Giblin, to the notice in compliance with statutory law.  The report contained the analysis of one piece of white rock-like material wrapped in tape, submitted by Officer Liang, that tested positive for cocaine.  Crucially, the defense filed no response to the notice prior to trial.

At trial on July 15, 2008, the State called only one witness, arresting officer, Sergeant David Liang.  Sergeant Liang did not testify as to the crime laboratory report, but he did testify

---

[19] State Rec., Vol. 1 of 2.

regarding his own independent, preliminary testing of the contraband.  At the close of the

State's case, the State offered the crime laboratory report into evidence and defense counsel

objected.  As evidenced by the following exchange, the report was admitted over defense

counsel's objection:

> MR. JOHNSON (STATE):
> At this time, the State offers the stipulation that pursuant to Article – I'm sorry, Revised Statute 15:499, as a matter of law, the State would offer a criminalist report, which was done by William Gibman [Spelled phonetically].  And if he were here, he would testify to the fact that he did receive the subject marked as State's Exhibit 2 from Central Evidence and Property identified by item No. H0692707.  He examined the drug on August 7, 2007 and the examination revealed the drug tested positive for cocaine.  And we would offer the stipulation to Defense Counsel.

> MR. COLLINS (DEFENSE):
> I object to that, Your Honor, since he is not here.

> MR. JOHNSON:
> There is no formal objection in the record, Your Honor. We have filed a 499 Notice on January 25.

> THE COURT:
> All right.  Submitted with objection.  Anything else?

> MR. JOHNSON:
> And we would offer, file, and introduce, State's Exhibit 1, which is cocaine, and State's Exhibit 2, the Criminalist Report.

> THE COURT:
> Any objection?

> MR. COLLINS:
> Yes, Your Honor, we object for whatever reasons the Court finds grounds for.

THE COURT:
>All right.  Admitted with objection.[20]

The defense then called Byron Briggs as its sole witness.  Briggs denied having any cocaine in his possession at the time of his arrest.  The trial court found Briggs guilty of attempted possession of cocaine.

Briggs raised his Confrontation Clause claim on post-conviction review in the state courts.  The district court denied relief.  In written reasons accompanying that decision, the district court noted that Briggs was convicted in July 2008, but that *Melendez-Diaz*, issued in June 2009, was not retroactive.  Considering the date his conviction became final, however, the district court applied that precedent and found the State did not violate Briggs' Sixth Amendment right because it complied with Louisiana's "notice and demand" statute, which was not invalidated by *Melendez-Diaz*.  The Louisiana Fourth Circuit denied relief in a 3-2 opinion, with a reasoned dissent.  The dissent cited *State v. Simmons*, 10-1508 (La. App. 4th Cir. 5/18/11), 67 So.3d 525, in which the court of appeal, applying *Melendez-Diaz*, found that introduction of a criminalist report pursuant to Louisiana's notice-and-demand statute, as opposed to presenting live testimony, violated the Confrontation Clause.[21]  The Louisiana

---

[20] State Rec., Vol. 1 of 2, Trial transcript, pp. 19-20.

[21] Briggs' writ application was denied by the court of appeal on December 8, 2011.  The Louisiana Supreme Court subsequently reversed the *Simmons* decision on January 20, 2012.  *State v. Simmons*, 11-1280 (La. 1/20/12), 78 So.3d 743.  The Louisiana Supreme Court noted that under *Melendez-Diaz*, states remain free to impose reasonable restrictions on a defendant's assertion of his confrontation rights.  The *Simmons* Court held that defendant

Supreme Court subsequently denied relief without stated reasons.

Claims challenging whether a defendant's confrontation rights were violated present a mixed question of law and fact. *Fratta v. Quarterman*, 536 F.3d 485, 499 (5th Cir.2008); *Horn v. Quarterman*, 508 F.3d 306, 312 (5th Cir.2007). Therefore, the Court must determine whether the state courts' denial of relief was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. *Buckenberger v. Cain*, 471 F. App'x 405, 406 (5th Cir.2012) (*citing Fratta*, 536 F.3d at 499). For purposes of review under 28 U.S.C. §2254(d)(1), the Supreme Court has identified clearly established federal law as "this Court's precedents as of the time the state court renders its decision" on the merits. *See Greene v. Fisher*, 565 U.S. ––––, 132 S.Ct. 38, 44, 181 L.Ed.2d 336 (2011).

(a) *Clearly established federal law*

The Confrontation Clause of the Sixth Amendment, made applicable to the states via the Fourteenth Amendment, guarantees a criminal defendant the right to be confronted with the witnesses against him. U.S. Const. amend. VI; *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). In *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court held that the Confrontation Clause prohibits admission of testimonial hearsay against a defendant unless the witness is unavailable at trial and the defendant had a prior opportunity to cross-examine the witness. Although it did not set forth

waived his Sixth Amendment right to confrontation by failing to timely request a subpoena for the analyst who performed the test on the rocks of cocaine.

a comprehensive definition of "testimonial," the Supreme Court in *Crawford* identified "various formulations" of testimonial hearsay, which generally include the following:

> [E]x parte in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; [and] statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Crawford*, 541 U.S. at 51-52.

Subsequently, in *Melendez-Diaz*, the United States Supreme Court held that an expert analyst's report and certification regarding forensic evidence is "functionally identical" to a testimonial statement under *Crawford,* and is therefore not admissible when the expert who prepared the report does not appear at trial and the defendant has not had a prior opportunity for cross-examination. *Melendez-Diaz v. Massachusetts*, 557 U.S. at 310-11; *see also*, *Bullcoming v. New Mexico*, ––– U.S. ––––, 131 S.Ct. 2705, 2713 (2011) (a defendant's right of confrontation is violated when the expert who testifies at trial did not participate in or observe the testing or examination underlying the report, instead of the expert who actually performed the testing or examination).

Specifically, the Court in *Melendez-Diaz* considered a Massachusetts statute that permitted the admission of "certificates of analysis" as "prima facie evidence of the composition, quality, and the net weight of the narcotic analyzed." *Id*. at 309 (quoting Mass.

Gen. Laws, ch. 111, § 13).[22]  The Supreme Court in *Melendez-Diaz* found that the procedure

impermissibly shifted the burden under the Confrontation Clause, which properly rests on the

prosecution to present its witnesses, not the defense to bring those witnesses to court:

> Converting the prosecution's duty under the Confrontation Clause into the
> defendant's privilege under state law or the Compulsory Process Clause shifts
> the consequences of adverse-witness no-shows from the State to the accused.
> More fundamentally, the Confrontation Clause imposes a burden on the
> prosecution to present its witnesses, not on the defendant to bring those
> adverse witnesses into court. Its value to the defendant is not replaced by a
> system in which the prosecution presents its evidence via ex parte affidavits and
> waits for the defendant to subpoena the affiants if he chooses.

*Id.* at 324-25.  Notably, the statute at issue contained no protection of the defendant's right to

---

[22] The statute was set out by the Massachusetts appellate court in *Commonwealth v. Verde*, 444 Mass. 279, 281, 827 N.E.2d 701, 704 n. 1 (2005) as follows:

 General Laws c. 111, § 13, states in relevant part:

"The analyst or assistant analyst of the ... University of Massachusetts medical school shall upon request furnish a signed certificate, on oath, of the result of the [chemical] analysis [of a narcotic drug submitted to it by police authorities] ... and the presentation of such certificate to the court by any police officer ... shall be prima facie evidence that all the requirements ... have been complied with. This certificate shall be sworn to ... and the jurat shall contain a statement that the subscriber is the analyst or an assistant analyst of the department. When properly executed, it shall be prima facie evidence of the composition, quality, and net weight of the narcotic or other drug...."

The court of appeal further noted that the purpose of G.L. c. 111, § 13, is to reduce court delays and the inconvenience of having the analyst called as a witness in each case. (citations omitted).

confront the witness, other than to rebut the evidence at trial.[23]

The *Melendez-Diaz* Court flatly distinguished situations where a defendant is placed on notice before trial of the State's intent to introduce the analyst's report, and the defendant is given the opportunity and corresponding obligation to object to its use, in order to protect his rights under the Confrontation Clause. *Id.* at 326. In that scenario, the burden remains with the State to produce the witness as long as the objection is made timely in advance of trial. *Id.* at 326-27. In fact, the Court cited general approval for those practices in place among states that "one way or another, empower a defendant to insist upon the analyst's appearance at trial," and further assured that its reasoning would not invalidate state statutes "requiring the defendant to give early notice of his intent to confront the analyst." *Id.* at 326.

"Notice-and-demand" procedures, as they have been termed, do not violate the principles underlying the Confrontation Clause. Rather, they impose an entirely permissible time restraint on a defendant's exercise of his rights under the Confrontation Clause. The Supreme Court in *Melendez-Diaz* explained:

> In their simplest form, notice-and-demand statutes require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial. Contrary to the dissent's perception, these statutes shift no burden whatsoever. The defendant *always* has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the time within which he must do so. States are free to adopt procedural rules governing

---

[23] *See Commonwealth v. Verde*, 444 Mass. at 284.

objections. It is common to require a defendant to exercise his rights under the Compulsory Process Clause in advance of trial, announcing his intent to present certain witnesses. There is no conceivable reason why he cannot similarly be compelled to exercise his Confrontation Clause rights before trial.

*Melendez–Diaz*, 557 U.S. at 327 (citations omitted). The Supreme Court recognized that its holding would not adversely affect such procedures. *Id.* at 314 n. 3.

Notably, the Supreme Court revisited its approval of the "notice-and-demand procedures," explaining that these procedures "typically render ... otherwise hearsay forensic reports admissible[,] while specifically preserving a defendant's right to demand that the prosecution call the author/analyst of [the] report." (citation omitted) *Bullcoming*, 131 S.Ct. at 2718 (citing *Melendez–Diaz*, 129 S.Ct. at 2541). Thus, the Supreme Court has recognized that notice-and-demand procedures imposed by the States are sufficient to protect a defendant's rights where they "permit the defendant to assert (or forfeit by silence) his Confrontation Clause right after receiving notice of the prosecution's intent to use a forensic analyst's report." *Melendez–Diaz*, 557 U.S. at 326.

(b) *Analysis*

As an initial matter, the Court notes that although the state district court made a preliminary statement as to the non-retroactivity of *Melendez-Diaz*, that court properly considered *Melendez-Diaz* and denied relief.[24] The Court finds that Briggs has failed to

_____

[24] When the Supreme Court announces a new rule of law, a person whose conviction is *already final* may not rely on the Court's decision unless the Court makes the rule retroactively applicable on collateral review. *See Peterson v. Cain*, 302 F.3d 508, 511 (5th Cir. 2002) (citing

establish that the state courts' denial of relief was contrary to, or an unreasonable application of, federal law under *Melendez-Diaz*.

In this case, Louisiana law plainly recognizes and upholds the defendant's right to confront the analyst who prepared the report as required under *Melendez-Diaz*. The state's notice-and-demand procedure required pretrial notice and opportunity for defendant to insist on the analyst's presence at trial. Under Louisiana law, forensic laboratories are authorized to provide proof of examination and analysis of physical evidence by providing a certificate from the person conducting the examination or analysis which provides certain particulars related to the transfer of the evidence and the details and results of the examination and analysis. La. R.S. 15:499. When the State intends to introduce the laboratory certificate, the prosecutor must provide written notice of its intent to do so at least ten (10) days prior to trial. La. R.S. 15:501. If the certificate and notice comply with the provisions of 15:499 and 15:501, then the certificate is admissible and shall be received into evidence as prima facie proof of the facts contained therein. La. R.S. 15:500. However, the defendant has the right to subpoena the person who performed the examination or analysis of the evidence: "If the subpoena is requested at least five days prior to the commencement of trial or the person subpoenaed

---

*Teague v. Lane*, 489 U.S. 288, 301 (1989) (holding generally that a prisoner seeking federal *habeas* relief may rely on new constitutional rules announced before the prisoner's conviction became final). The non-retroactivity of *Melendez-Diaz* is not an issue here. Briggs' conviction did not became final until July 5, 2010. *Melendez-Diaz* was decided on June 25, 2009 while Briggs' conviction was pending on direct appeal before the Louisiana Fourth Circuit.

responds to the subpoena, the certificate shall **not** be prima facie proof of its contents or of proper custody." La. R.S. 15:501(B)(1) (emphasis added). The request for a subpoena must be in writing and contain a certification that the attorney or defendant intends in good faith to conduct the cross-examination. La. R.S. 501(B)(2).[25]

These provisions constitute Louisiana's "notice and demand" procedure. *See State v. Cunningham*, 903 So.2d 1110, 1120–21 (La. 2005). In *Cunningham*, the Louisiana Supreme Court rejected the defendant's claim that his right of confrontation was denied where the laboratory analyst did not testify and the report was entered into evidence. The Court held, in a manner similar to the analysis later undertaken in *Melendez–Diaz* and *Bullcoming*, that Louisiana's notice-and-demand procedure did not infringe on the defendant's constitutional right to confrontation. *Id*. at 1121. The Court also found that in order to preserve his confrontation rights, the defendant need only have requested a subpoena for the analyst to exercise the right of confrontation. *Id*. This automatically renders the certificate of no independent evidentiary value and requires the State to call the analyst to prove its case. *Id*.

Thus, under Louisiana law, if the prosecution complies with the notice-and-demand provisions, the laboratory certificate and report are admissible prima facie proof unless the defendant dictates otherwise. *State v. Simmons*, 78 So.3d at 746 ("[I]t is the defendant's

---

[25] The Louisiana Legislature subsequently amended Louisiana Revised Statute 15:499 and 15:501. See 2010 La. Acts 693 (effective August 15, 2010). The references herein are to the law in effect at the time of trial in 2008.

decision which dictates whether the State must produce the individual who prepared the report or whether the defendant will agree to use of the criminalist's report."). Without doing so, the defendant waives his Sixth Amendment rights under the Confrontation Clause. *Id*. at 1121; *State v. Simmons*, 78 So.3d 743 (La.2012) (*citing Melendez–Diaz*).

In this case, the State filed its notice of intent to use the criminalist report, along with the actual certified report and analysis, a full six months before the day of trial. Briggs did not oppose the State's notice at any time prior to trial, nor did he otherwise preserve his rights by requesting a subpoena for the analyst who prepared the report. Pursuant to its notice of intent, the State then offered the report into evidence at trial without the testimony of the analyst who prepared it. By failing to act upon the State's notice of intent prior to trial, Briggs waived his Sixth Amendment rights. This is consistent with the procedures recognized in *Melendez-Diaz* and *Bullcoming* as acceptable for the constitutional protection of a defendant's right of confrontation. The state court's finding that no Confrontation Clause violation resulted by admission of the certified crime laboratory report without the testimony of the analyst comports with clearly established federal law as determined by the Supreme Court.

Furthermore, Briggs would not be entitled to *habeas* relief even if the admission of the report violated his right to confrontation. Even assuming admission of the report constituted inadmissible hearsay in violation of petitioner's Confrontation Clause rights, the violation would be subject to harmless error review. *See Bullcoming*, 131 S.Ct. at 2719 n. 11 (2011) (finding Confrontation Clause error and noting that "nothing in this opinion impedes a

harmless-error inquiry on remand"); *Fratta v. Quarterman*, 536 F.3d at 507–508 (*citing Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988)).  In this case, any violation of petitioner's Confrontation Clause rights was harmless in light of the other properly admitted evidence at trial.

In *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), the United States Supreme Court held that for purposes of determining whether federal *habeas* relief must be granted to a state prisoner on the ground of federal constitutional error, the appropriate harmless error standard to apply is whether the error had a substantial and injurious effect or influence in determining the jury's verdict.  "Under this standard, *habeas* petitioners may obtain plenary review of their constitutional claims, but they are not entitled to *habeas* relief based on trial error unless they can establish that it resulted in 'actual prejudice.'"  *Id.* (citing *United States v. Lane*, 474 U.S. 438, 449 (1986)).

Petitioner has failed to show that the admission of the report had a substantial and injurious effect or influence on the trial court's verdict. The lab report was cumulative evidence of what was already established by Sergeant Liang's preliminary drug test.  Sergeant Liang explained that before he brought the substance to Central Evidence and Property, he conducted a field test on it using a field test kit.[26]  He detailed the procedure he used to conduct the test, and testified that the results were positive for crack cocaine.  His testimony plainly

––––––––––––––––––––

[26] State Rec., Vol. 1 of 2, Trial transcript, p. 8.

established that the substance tested positive for cocaine.[27]  The accuracy of this preliminary test was not disputed. The later crime lab report had an identical result. No real prejudice to petitioner resulted by allowing the crime lab report into evidence without the testimony of the criminalist. If anything, the report provided cumulative evidence detrimental to petitioner. Furthermore, based on the evidence presented, the trial court found petitioner guilty of the lesser attempted possession of cocaine.  Thus, even if a violation of the Confrontation Clause had occurred in this case, the error was harmless.

Accordingly, for the reasons expressed, the state courts' denial of relief was neither contrary to, nor an unreasonable application of, Supreme Court precedent.  Briggs is not entitled to relief on this claim.

## RECOMMENDATION

**IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

_____

[27] *Id*. at 8, 16.

consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[28]

New Orleans, Louisiana, this 8th day of September 2014.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[28] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.