UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BYRON BRIGGS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0624** |
| **HOWARD PRINCE, WARDEN** | **SECTION: "G"(5)** |

**ORDER AND REASONS**

Before the Court are Petitioner Byron Briggs's ("Petitioner") objections[1] to the September 9, 2014 Supplemental Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at Elayn Hunt Correctional Center, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 alleging that his Sixth Amendment right to confront his accusers was violated when the State introduced a certified crime laboratory report during trial without the testimony of the analyst who prepared it.[3] On August 30, 2013, the Magistrate Judge recommended that the petition be dismissed as time-barred.[4] On August 4, 2014, the Court rejected the Report and Recommendation, finding that the petition was not time-barred.[5] The Court referred the matter back to the Magistrate Judge to prepare a Report and Recommendation consistent with its opinion.[6]

On September 9, 2014, the Magistrate Judge issued a Supplemental Report and

---

[1] Rec. Doc. 35.

[2] Rec. Doc. 32.

[3] Rec. Doc. 1 at 3.

[4] Rec. Doc. 28 at 1.

[5] Rec. Doc. 31.

[6] *Id.*

Recommendation, addressing Petitioner's claims on the merits, and again recommending that the petition be dismissed with prejudice.[7] Petitioner objects, arguing that the Report and Recommendation should be rejected because Louisiana's statutory scheme is contrary to clearly established federal law.[8] After reviewing the complaint, the Magistrate Judge's Supplemental Report and Recommendation, Petitioner's objection, the record, and the applicable law, for the following reasons, the Court will overrule Petitioner's objections, adopt the Supplemental Report and Recommendation and dismiss the petition with prejudice.

## I. Background

### A. *Factual Background*

On August 5, 2007, the State charged Petitioner with one count of simple possession of cocaine.[9] Petitioner requested a bench trial, and on July 15, 2008, in Orleans Parish Criminal District Court, the trial judge found Petitioner guilty of attempted possession of cocaine.[10] On October 8, 2008, the state trial court sentenced Petitioner to two years and six months imprisonment, with credit for time served.[11] On the same day, Petitioner was adjudicated to be a fourth felony offender, and the court re-sentenced Petitioner to twenty years imprisonment, with credit for time served.[12]

On August 19, 2009, the Louisiana Fourth Circuit Court of Appeal affirmed Petitioner's

---

[7] Rec. Doc. 32.

[8] Rec. Doc. 35.

[9] State Rec., Vol. I of II, Bill of Information.

[10] State Rec., Vol. I of II, Trial Transcript, July 15, 2008, p. 33.

[11] State Rec., Vol. I of II, Sentencing, October 8, 2008.

[12] *Id.*

conviction and sentence.[13] On August 31, 2009, Petitioner filed a letter with the Louisiana Supreme Court requesting an extension to file his writ application.[14] On October 30, 2009, Petitioner filed his writ application with the Louisiana Supreme Court.[15] On April 5, 2010, the Louisiana Supreme Court denied Petitioner's application, without opinion.[16]

Petitioner filed his application for post-conviction relief with the state trial court on June 29, 2011.[17] On September 6, 2011, the state trial court denied Petitioner's application as successive and untimely.[18] On October 11, 2011, the Louisiana Fourth Circuit vacated the state trial court's judgment and remanded his complaint for a review on the merits.[19] On October 24, 2011, the state trial court denied Petitioner's application on the merits.[20] On November 20, 2011, Petitioner filed a writ of review with the Louisiana Fourth Circuit.[21] On December 8, 2011, the Louisiana Fourth Circuit denied Petitioner's writ.[22] On December 29, 2011, Petitioner filed a writ application with the Louisiana Supreme Court.[23]

---

[13] *State v. Briggs*, 09-148 (La. App. 4th Cir. 8/19/09); 19 So. 3d 517. State Rec., Vol. II of II.

[14] State Rec., Vol. II of II, Letter to Supreme Court dated August 31, 2009.

[15] State Rec., Vol. II of II, Writ Application dated October 30, 2009.

[16] *State v. Briggs*, 09-1964 (La. 4/5/10); 31 So. 3d 355. State Rec., Vol. II of II.

[17] State Rec.. Vol. I of II, Post-Conviction Relief Application, filed June 29, 2011.

[18] State Rec., Vol. I of II, Trial Court Order, September 6, 2011.

[19] *State v. Briggs*, 11-1358 (La. App. 4th Cir. 10/11/11). State Rec., Vol. II of II.

[20] State Rec., Vol. II of II, District Court Order, October 24, 2011.

[21] State Rec., Vol. II of II, Post-Conviction Relief Application, filed November 23, 2011.

[22] *State v. Briggs*, 11-1648 (La. App. 4th Cir. 12/08/11). State Rec., Vol. II of II.

[23] State Rec., Vol. II of II, Writ Application, filed January 9, 2012.

Petitioner filed this federal *habeas* petition on February 27, 2012, and on the same day, Petitioner filed a motion to stay his *habeas* petition until the Louisiana Supreme Court issued a judgment on his application for post-conviction relief.[24] On June 27, 2012, this Court granted Petitioner's motion to stay without opposition from the State.[25] On August 22, 2012, the Louisiana Supreme Court denied Petitioner's application.[26] On September 11, 2012, Petitioner filed a motion to reopen the proceedings, which this Court granted.[27]

Petitioner contends that the state trial court denied him his constitutional right to confront his accuser under *Melendez-Diaz v. Massachusetts*.[28] He asserts that his rights under the Confrontation Clause were violated by the admission of the State's certified crime laboratory report at trial without affording him an opportunity to confront and cross-examine the crime lab technician who prepared the report.[29] The State responds to Petitioner's complaint, asserting that his complaint was untimely.[30] Additionally, the State maintains that the state court's denial of his confrontation claim was neither contrary to nor an unreasonable application of the Supreme Court's holding in *Melendez-Diaz*.[31]

On August 30, 2013, the Magistrate Judge recommended that the petition be dismissed as

---

[24] Rec. Doc. 1; Rec. Doc. 2.

[25] Rec. Doc. 13.

[26] *State ex rel. Briggs v. State*, 12-69 (La. 8/22/12); 97 So. 3d 360. State Rec., Vol. II of II.

[27] Rec. Doc. 14; Rec. Doc. 16.

[28] Rec. Doc. 1 at 3 (citing *Melendez-Diaz v. Massachusetts*, 577 U.S. 305 (2009)).

[29] *Id.*

[30] Rec. Doc. 27 at 24.

[31] *Id.* at 17–23.

4

time-barred.[32] On August 4, 2014, the Court rejected the Report and Recommendation, finding that the petition was not time-barred.[33] The Court referred the matter back to the Magistrate Judge to prepare a Report and Recommendation consistent with its opinion.[34]

### *B. Supplemental Report and Recommendation Findings*

On September 9, 2014, the Magistrate Judge issued a Supplemental Report and Recommendation, addressing Petitioner's claims on the merits, and recommending that the petition be dismissed with prejudice.[35] Reviewing the state record, the Magistrate Judge noted that on January 7, 2008, the State filed its "Notice of intent to offer into evidence the State's criminalist report as prima facie proof pursuant to La. R.S. 15:499–501."[36] According to the Magistrate Judge, the State attached a copy of the certified report prepared by criminalist, William A. Giblin, to the notice in compliance with statutory law, which contained the analysis of one piece of rock-like material that tested positive for cocaine.[37] The Magistrate Judge noted that defense counsel did not file a response to the notice prior to trial.[38] At trial, defense counsel objected to the introduction of the report because the criminalist was not in court to testify, but the trial court admitted the report over defense counsel's objection.[39]

---

[32] Rec. Doc. 28 at 1.

[33] Rec. Doc. 31.

[34] *Id.*

[35] Rec. Doc. 32.

[36] *Id.* at 9 (citing State Rec., Vol. I of II).

[37] *Id.*

[38] *Id.*

[39] *Id.* at 10.

The Magistrate Judge discussed the Supreme Court's holding in *Melendez-Diaz v. Massachusetts*, noting that the Supreme Court found that an expert analyst's report and certification regarding forensic evidence is "functionally identical" to a testimonial statement, and is therefore not admissible when the expert who prepared the report does not appear at trial and the defendant has not had a prior opportunity for cross-examination.[40] The Magistrate Judge noted, however, that the Supreme Court "distinguished situations where a defendant is placed on notice before trial of the State's intent to introduce the analyst's report, and the defendant is given the opportunity and corresponding obligation to object to its use, in order to protect his rights under the Confrontation Clause."[41] Accordingly, the Magistrate Judge found that "notice-and-demand" procedures do not violate the principles underlying the Confrontation Clause.[42]

Applying these principles here, the Magistrate Judge found that Petitioner has not established that the state court's denial of relief was contrary to, or an unreasonable application of, federal law under *Melendez-Diaz*.[43] The Magistrate Judge found that "Louisiana law plainly recognizes and upholds the defendant's right to confront the analyst who prepared the report as required under *Melendez-Diaz*."[44] He noted that the State's notice-and-demand procedure required pretrial notice and opportunity for the defendant to insist on the analyst's presence at trial.[45] According to the Magistrate Judge, by failing to insist on the analyst's presence at trial, the defendant waives his Sixth

---

[40] *Id.* at 13 (citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)).

[41] *Id.* at 15 (citing *Melendez-Diaz*, 557 U.S. at 326).

[42] *Id.*

[43] *Id.* at 16–17.

[44] *Id.* at 17.

[45] *Id.* at 17–18 (citing La. Rev. Stat. 15:499, *et seq.*).

Amendment rights under the Confrontation Clause.[46] The Magistrate Judge noted that the State filed its notice of intent to use the criminalist report, along with the actual certified report and analysis, six months before the day of trial, and Petitioner did not oppose the State's notice or request a subpoena for the analyst who prepared the report.[47] Accordingly, the Magistrate Judge found that Petitioner waived his Sixth Amendment rights by failing to act upon the State's notice of intent prior to trial.[48]

Further, even assuming that the admission of the report violated Petitioner's right to confrontation, the Magistrate Judge found that Petitioner would not be entitled to *habeas* relief because any violation was harmless in light of the other properly admitted evidence at trial.[49] According to the Magistrate Judge, Petitioner "failed to show that the admission of the report had a substantial and injurious effect or influence on the trial court's verdict."[50] The Magistrate Judge noted that at Petitioner's trial Sergeant Liang testified that he conducted a field test on the seized drugs, and the results were positive for crack cocaine.[51] Accordingly, the Magistrate Judge found that "[t]he lab report was cumulative evidence of what was already established by Sergeant Liang's preliminary drug test."[52] The Magistrate Judge also noted that the accuracy of this preliminary test

---

[46] *Id.* at 18–19 (citing *State v. Cunningham*, 903 So.2d 1110, 1120–21 (La. 2005); *State v. Simmons*, 78 So.3d 743 (La. 2012)).

[47] *Id.* at 19.

[48] *Id.*

[49] *Id.* at 19–20.

[50] *Id.* at 20 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

[51] *Id.*

[52] *Id.*

was not disputed.[53] Therefore, the Magistrate Judge found that, even if a violation of the Confrontation Clause had occurred, the error was harmless.[54]

## II. Objections

### A. *Petitioner's Objections*

On October 20, 2014, Petitioner filed objections to the Magistrate Judge's Report and Recommendation.[55] Petitioner asserts that the Magistrate Judge incorrectly characterized the Louisiana statutory scheme as a notice-and-demand procedure.[56] He argues that Louisiana's statutory scheme, which "forces the defendant to subpoena the analyst in order to avail his right to confrontation[,] clearly runs contrary to the holding in *Melendez-Diaz*."[57] Petitioner contends that "the Supreme Court unequivocally stated that a defendant's right to confrontation is not vindicated by a process that forces a defendant to subpoena adverse witnesses."[58] Further, he notes that in 2010 the Louisiana Legislature removed the requirement that the defendant subpoena the analyst.[59]

Petitioner also objects to the Magistrate Judge's finding that any error was harmless.[60] He

---

[53] *Id.* at 21.

[54] *Id.*

[55] Rec. Doc. 35.

[56] *Id.* at 2.

[57] *Id.* (citing *Melendez-Diaz*, 557 U.S. at 324–25) ("[T]he Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses.")).

[58] *Id.*

[59] *Id.* at 3 (citing La. Act 683 of 2010).

[60] *Id.*

asserts that the testimony of Sergeant Liang was not credible.[61] According to Petitioner, Sergeant Liang lied during his testimony when he stated that no other officers came to the scene to perform a "show-up identification."[62] Petitioner asserts that during the closing arguments the Assistant District Attorney admitted that the police report indicated that the officers performed a lineup.[63] Accordingly, Petitioner asserts that "there is a reasonable probability that the trier of fact (the trial judge) also rejected Sergeant Liang's testimony that he conducted a field test of a substance that allegedly tested positive for cocaine."[64] He argues that "it can already be presumed that the trial court's verdict was influenced by the tainted testimony of Sergeant Laing [sic], as the [trial] court found petitioner guilty of the lesser included verdict of attempted possession of cocaine."[65] Therefore, Petitioner asserts that "there is a reasonable probability that, without the only un-impeached evidence (the report) being admitted, the outcome of the proceedings could have been different."[66]

## B. *State's Response*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving notice of the filing posted on October 20, 2014.

---

[61] *Id.*

[62] *Id.*

[63] *Id.* at 4.

[64] *Id.*

[65] *Id.* at 4–5.

[66] *Id.* at 5.

### III. Standard of Review

*A. Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[67] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[68] A district court's review is limited to plain error of parts of the report which are not properly objected to.[69]

*B. Standard of Review Under the AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the power of federal courts to grant writs of *habeas corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[70]

Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[71] The Supreme Court has made a distinction between the application of the "contrary to" and "unreasonable application" clauses.[72] A federal *habeas* court may issue the writ under the "contrary

---

[67] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[68] *Id.*

[69] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[70] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[71] 28 U.S.C. §2254(d)(1).

[72] *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 403–404, (2000)).

to" clause if the state court applies a rule in a way that is inconsistent with governing law and Supreme Court precedent on identical facts; a federal *habeas* court may issue the writ under the "unreasonable application" clause if the state court unreasonably applies the governing law to the facts of the case.[73]

Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[74]

### IV. Law and Analysis

*A. Applicable Law*

Petitioner objects to the Magistrate Judge's finding that he waived his right to confront his accuser by failing to act upon the State's notice of intent to introduce evidence of the crime laboratory report prior to trial.[75] Petitioner argues that Louisiana's statutory scheme is contrary to the holding in *Melendez-Diaz* because it requires the defendant to subpoena the analyst.[76] Further, he notes that in 2010 the Louisiana Legislature removed the requirement that the defendant subpoena the analyst.[77]

Petitioner's conviction for attempted possession of cocaine became final on July 4, 2010,

---

[73] *Id.*

[74] 28 U.S.C. § 2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[75] Rec. Doc. 35 at 1.

[76] *Id.* at 2 (citing *Melendez-Diaz*, 557 U.S. at 324–25) ("[T]he Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses.")).

[77] *Id.* at 3 (citing La. Act 693 of 2010).

11

more than a year after the Supreme Court issued its decision in *Melendez-Diaz v. Massachusetts*.[78] The Supreme Court issued its decision while Petitioner's appeal of his conviction was still pending before the Louisiana Fourth Circuit and before he filed his direct appeal with the Louisiana Supreme Court.[79] When the Supreme Court announces a rule in one of its opinions, an old rule applies to cases on direct and collateral review while a new rule generally applies only to cases on direct review, unless the rule is substantive or a "watershed rule of criminal procedure."[80] Because Petitioner's case was on direct review when the Supreme Court issued its decision, *Melendez-Diaz* applies as controlling precedent regardless of its classification as an old or new rule.

The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." In *Melendez-Diaz v. Massachusetts*, the United States Supreme Court held that the state trial court violated the defendant's Sixth Amendment right to confront his accuser when the court admitted a certificate of a drug analysis report as *prima facie* evidence of the results contained within the report without the testimony of the analyst who performed it.[81] The Supreme Court held that the Confrontation Clause of the Sixth Amendment guarantees a defendant the right to confront the analyst who prepared the forensic report admitted into evidence at trial unless the analyst is unavailable and the defendant had a prior opportunity to cross-examine the analyst.[82] However, the Supreme Court noted its approval of

---

[78] 557 U.S. 305, 311 (2009).

[79] The Supreme Court issued *Melendez-Diaz v. Massachusetts* on June 25, 2009. The Louisiana Fourth Circuit denied Petitioner's direct appeal approximately two months later on August 19, 2009. The Louisiana Supreme Court denied Petitioner's direct appeal on April 5, 2010.

[80] *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citing *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

[81] 557 U.S. 305, 311 (2009).

[82] *Id.*

"notice-and-demand" statutes, which "require the prosecution to provide notice to the defendant of its intent to use an analyst's report as evidence at trial, after which the defendant is given a period of time in which he may object to the admission of the evidence absent the analyst's appearance live at trial."[83] The Court stressed that "[t]he defendant always has the burden of raising his Confrontation Clause objection; notice-and-demand statutes simply govern the time within which he must do so."[84] The Supreme Court reiterated its approval of "notice-and-demand" statutes two years later in *Bullcoming v. New Mexico*.[85]

## *B. Analysis*

Louisiana Revised Statutes §§ 15:499–501 govern the procedure a party must follow to introduce certificates of analysis as *prima facie* evidence in Louisiana state courts. Louisiana Revised Statute § 15:500 provides that, subject to any restrictions contained in Louisiana Revised Statute § 15:501, certificates of analysis "shall be received in evidence as prima facie proof of the facts shown thereon . . . ."[86] The Louisiana legislature amended the procedure for admission of such evidence following Petitioner's trial in the present case.[87] Prior to the amendment, the party seeking to introduce a certificate of analysis was required to give notice at least ten days prior to the commencement of trial.[88] The opposing party had the right "to subpoena on cross-examination, the

---

[83] *Id.* at 326.

[84] *Id.* at 327.

[85] 131 S.Ct. 2705, 2718 (2011) (quoting *Melendez-Diaz*, 557 U.S. at 326)).

[86] La. Rev. Stat. § 15:500.

[87] *See* Act 2010, No. 693 § 1, effective 8/15/2010.

[88] La. Rev. Stat. § 15:501(A) (1990).

13

person who performed the examination or analysis of the evidence."[89] If the opposing party requested a subpoena "at least five days prior to the commencement of trial or the person subpoenaed responds to the subpoena, the certificate shall not be prima facie proof of its contents or of proper custody."[90]

Petitioner argues that the provision of Louisiana Revised Statute § 15:501 requiring the defendant to subpoena the analyst is unconstitutional pursuant to the Supreme Court's holding in *Melendez-Diaz*.[91] In *Melendez-Diaz*, the Supreme Court stated:

> Converting the prosecution's duty under the Confrontation Clause into the defendant's privilege under state law or the Compulsory Process Clause shifts the consequences of adverse-witness no-shows from the State to the accused. More fundamentally, the Confrontation Clause imposes a burden on the prosecution to present its witnesses, not on the defendant to bring those adverse witnesses into court. Its value to the defendant is not replaced by a system in which the prosecution presents its evidence via ex parte affidavits and waits for the defendant to subpoena the affiants if he chooses.[92]

In *State v. Simmons*, the Louisiana Supreme Court addressed the same issue raised by Petitioner here. The Louisiana Supreme Court held that the 1990 version of § 15:501 conformed with the principle laid out in *Melendez-Diaz* because:

> If the defendant had made a timely request for the issuance of a subpoena for the person who performed the analysis, the certificate would not have been admissible

---

[89] La. Rev. Stat. § 15:501(B)(1) (1990).

[90] *Id.* In 2010, the Louisiana Legislature Amended Louisiana Revised Statute 15:501 "to enlarge the period in which the party seeking to use the certificate of analysis must give notice (now 45 days), and to redraft the provisions of La.R.S. 15:501(B), which now requires, in lieu of a subpoena, a written 'demand that the person making the examination or analysis testify,' filed in court and served on the district attorney. If the demand is made within 30 days of the receipt of the state's notice of intent, 'the certificate shall not constitute prima facie proof of the facts thereon as set forth in R.S. 15:500.'" *State v. Simmons*, 2011-1280 (La. 1/20/12), 78 So. 3d 743, 744 (citing 2010 La. Acts 693).

[91] Rec. Doc. 35 at 2.

[92] 557 U.S. at 324–25.

14

> into evidence in lieu of such testimony [and] [i]t would have been incumbent upon the State to procure the attendance of the person making the certificate at trial and to offer that testimony to establish the results of the examination.[93]

Accordingly, the defendant's request for a subpoena five days prior to trial "rendered the certificate useless" as *prima facie* evidence, making "an unavailable or uncooperative analyst [] the state's problem in meeting its burden of proof and not the defendant's in exercising his right to confrontation."[94]

In *Ducre v. Cain*, the Fifth Circuit noted that the petitioner's "argument that Louisiana's notice-and demand statute violates the Confrontation Clause is foreclosed by *Melendez-Diaz v. Massachusetts*."[95] Accordingly, the Fifth Circuit declined to issue a certificate of appealability on the issue, finding that the petitioner had not demonstrated that reasonable jurists would find the district court's denial of his habeas petition debatable or wrong.[96]

Here, the State filed a "Notice of intent to offer into evidence the State's criminalist report as prima facie proof pursuant to La. R.S. 15:499–501" on January 7, 2008.[97] The State attached a copy of the certified report prepared by criminalist, William A. Giblin, to the notice, which contained the analysis of one piece of rock-like material that tested positive for cocaine.[98] Defense counsel did not subpoena the analyst or file any response to the notice prior to trial. At trial, defense

---

[93] *State v. Simmons*, 2011-1280 (La. 1/20/12); 78 So. 3d 743, 747 (quoting *State v. Beauchamp*, 2010-0451 (La. App. 1 Cir. 9/10/10); 49 So. 3d 5, 9–10)).

[94] *Id.* (quoting *State v. Dukes*, 46,029 (La. App. 2nd Cir.1/26/11); 57 So.3d 489)).

[95] Case No. 14-30811, *3 (5th Cir. Jun. 15, 2015).

[96] *Id.* at *4. In *Ducre*, the petitioner's trial occurred in 2008, prior to the amendment to La. Rev. Stat. § 15:501. *Ducre v. Cain*, Civ. A. No. 12-2506 *1 (E.D. La. Jun 16, 2014).

[97] State Rec., Vol. I of II.

[98] State Rec., Vol. I of II, Trial Transcript at 19–20.

counsel objected to the introduction of the report because the criminalist was not in court to testify, but the trial court admitted the report over defense counsel's objection.[99]

If at least five days before trial the defense had subpoenaed the analyst, pursuant to the version of Louisiana Revised Statute § 15:501 in effect at the time, the report would have lost its evidentiary value as *prima facie* evidence of the results contained therein. Thus, the burden would have shifted to the State to establish the report's authenticity by producing the analyst to testify at trial. However, because the defense did not request a subpoena, the trial court properly overruled defense counsel's objection to the introduction of the report as *prima facie* evidence of the results contained therein. Therefore, the Court finds that the admission of the certified crime laboratory report without the testimony of the analyst was not a Confrontation Clause violation. Accordingly, on *de novo* review, the Court finds that the state courts' denial of post-conviction relief was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court.[100]

---

[99] *Id.* at 10.

[100] Petitioner also objects to the Magistrate Judge's finding that any violation of Petitioner's right to confrontation was harmless. Rec. Doc. 35 at 3–5. Because the Court finds that the admission of the certified crime laboratory report without the testimony of the analyst was not a Confrontation Clause violation, it need not address this issue. Moreover, the Court notes that Petitioner does not raise an ineffective assistance of counsel claim. Petitioner did not raise an ineffective assistance of counsel claim in any state court. Any such claim would be unexhausted and, therefore, not reviewable by this Court. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court.").

## V. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED;**

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Byron Briggs's petition for issuance of a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 29th day of October, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**